## Casper Stock et al. v. Mary C. Seegar.

1.  Evidence—*Statements of a Daughter Claiming Bank Stock as a Gift from her Deceased Father Made to Witnesses but Not in His Presence.*—In an action of trover by a daughter of a deceased father to recover the value of twenty shares of bank stock, it is error to admit, over the objection of the defendant, proof of statements made by her at different times to witnesses, in the absence of her father, to the effect that he had given the stock to her and that she had taken the certificate and put it away.

Trover, for the value of twenty shares of bank stock.  Appeal from the Circuit Court of Cass County; the Hon. Thomas N. Mehan, Judge, presiding.  Heard in this court at the May term, 1901.  Reversed and remanded.  Opinion filed December 10, 1901.

Charles A. Barnes and J. J. Cooke, attorneys for appellants.

Mills & McClure, attorneys for appellee.

Mr. Presiding Justice Harker delivered the opinion of the court.

Appellee brought suit in replevin against appellants to recover a certificate for twenty shares of stock in the First National Bank of Beardstown, Illinois.  The certificate had come into possession of appellants as executors of the will of appellee's father, and was claimed by her as a gift from her father.  Appellants refused to surrender the certificate when the replevin writ was served upon them, and the action was changed to trover.  A trial by jury was had

upon the issue of whether the title to the bank stock was in appellee or her father's estate, resulting in a verdict and judgment in favor of appellee for $3,920, the value of the stock.

The evidence shows that appellee's father, a man over ninety years of age, who had been making his home with appellee for a number of years, desired to make a gift of the bank stock in question to her, reserving to himself its income during his life. With that intention he, on June 1, 1900, five months before his death, indorsed upon the back of the certificate an assignment of the stock to appellee and a direction to the cashier of the bank to make the necessary transfer on the bank books. There was no question whatever as to the intention of the deceased to make the gift; but the frictional question upon the trial was whether the gift was made complete by a delivery of the certificate. The certificate was kept in a tin box of the deceased along with other papers belonging to him. Appellee had access to the box and carried the key to it. She collected the dividends on the stock and had them passed to her father's credit on his account with the bank. The question of delivery was a close and serious one for the jury. The court, over the objection of appellants, admitted proof of statements of appellee made at different times to two different witnesses, and in the absence of her father, to the effect that he had given her the bank stock and that she had taken the certificate and put it away. The admission of such testimony was clearly erroneous.

The court also permitted appellee to show the great care and attention required by her father in his declining years, and the menial service performed by her for him in his feebleness. In view of the fact that no issue of that kind was involved in the pleadings, and that the intention of the deceased to make the gift was not disputed, but was recognized throughout the trial, the development of those facts before the jury was erroneous and prejudicial. No doubt the admission of that testimony, together with the statements of appellee above mentioned and erroneously admit-

ted, largely influenced the verdict, and for that reason, the judgment must be reversed.

As the case will be remanded for another trial we refrain from expressing our views as to the merits. We will say, however, that we recognize as correct, on principle, the proposition that the owner of bank stock may make it the subject of a gift *inter vivos*, and reserve to himself for life the income arising therefrom, and that no implication arises from such reservation that the gift is not to take effect *in presenti*.

For error in the admission of testimony, the judgment will be reversed and the cause remanded.